**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-2041**

---

DR. JOHN C. ROSERO,

       Plaintiff - Appellant,

    v.

JOHNSON, MIRMIRAN & THOMPSON, INC.; MICHAEL HILD, in his individual capacity,

       Defendants - Appellees.

---

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge. (1:21-cv-00588-GLR)

---

Submitted: February 22, 2024          Decided: February 26, 2024

---

Before NIEMEYER and HEYTENS, Circuit Judges, and KEENAN, Senior Circuit Judge.

---

Affirmed as modified by unpublished per curiam opinion.

---

John C. Rosero, Appellant Pro Se. Jordan F. Dunham, KOLLMAN & SAUCIER, PA, Timonium, Maryland, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dr. John C. Rosero appeals the district court's orders (1) granting Johnson, Mirmiran & Thompson, Inc. summary judgment on Rosero's multiple employment related claims, including Rosero's discriminatory and retaliatory termination claims, brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and declining to exercise supplemental jurisdiction over Rosero's state law claims; (2) granting in part and denying in part Defendants' motions to dismiss; and (3) denying Rosero's motions for sanctions and to reopen discovery. We have reviewed the record in conjunction with the parties' arguments on appeal and discern no reversible error. Accordingly, we affirm the district court's orders. *Rosero v. Johnson, Mirmiran & Thompson, Inc.*, No. 1:21-cv-00588-GLR (D. Md. Mar. 28, 2022, Oct. 25, 2022, Sept. 11, 2023).* We deny Rosero's "Motion to Vacate Judgment Pursuant to Rule 60(b)(3)." We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AS MODIFIED*

---

\* While we conclude that the court properly declined to exercise supplemental jurisdiction over Rosero's state law claims, *see* 28 U.S.C. § 1367(c)(3), that dismissal should have been without prejudice, *see Farlow v. Wachovia Bank of N.C.*, 259 F.3d 309, 316-17 (4th Cir. 2001). We therefore affirm the district court's order granting summary judgment as modified to clarify that dismissal of the state law claims is without prejudice.